**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

|  |  |
|---|---|
| Ronald Anthony Barmore, #42500-019,  ) | C/A No. 2:09-799-PMD-RSC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America; and Warden of F.C.I. Edgefield, ) | |
| ) | |
| Respondent(s). ) | |

The matter is before the Court on Petitioner Ronald A. Barmore's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. United States Magistrate Judge Robert S. Carr has issued a report and recommendation ("R&R") that Petitioner's case should be dismissed, and Petitioner has filed his objections to the R&R. Having reviewed the entire record in this matter, for the reasons set forth herein, the Court hereby dismisses Petitioner's claim for habeas relief.

**BACKGROUND**

Petitioner is a federal inmate at FCI-Edgefield, serving this federal sentence for violations of the United States Code. Both his conviction and sentence were entered in the Northern District of Georgia. The conviction was upheld on direct appeal by the United States Court of Appeals for the Eleventh Circuit in 1994. Petitioner admits to filing a prior motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied in 1998. Petitioner now files this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner admits that he must invoke the "Savings Clause" of § 2255 in order to file his petition under § 2241. He also admits that settled law of the circuit in which he was convicted

established the legality of his conviction at that time. Petitioner, however, claims that pursuant to the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he meets the requirements of the "Savings Clause."

## STANDARD OF REVIEW

### I.     Magistrate's R&R

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B), Local Civil Rule 73.02, and 28 U.S.C. § 1915. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

### II.    28 U.S.C. § 1915

Federal law permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915. To protect against possible abuses of the privilege, the statute permits a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief can be granted" or is "frivolous or malicious." 28 U.S.C. § 1915 (e)(2)(B)(i)(ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31

(1992). In this case, the Magistrate Judge has reviewed Petitioner's claim for habeas relief and judged it to be without merit, and recommended that his petition be dismissed.

## DISCUSSION

Petitioner's claim is that the *Apprendi* case changed the applicable law that should have applied to his case, and therefore that his conviction and sentence are no longer valid, because his sentence was enhanced by considering factors which were neither admitted to nor found beyond a reasonable doubt by a jury. Petitioner argues that his petition should not be dismissed as a successive claim for habeas relief, because it is subject to the "savings clause."

Petitioner is referring to the "savings clause" of § 2255, which states that an application for federal habeas relief must be filed under § 2255 "unless it also appears that the remedy by [2255] motion is inadequate or ineffective to test the legality of his detention." Petitioner claims that there has been an intervening change in the law, and that § 2255 is inadequate to provide him with the relief which he asserts that justice requires.

The Court first notes that Petitioner's petition is successive, and he has obtained no certificate of appealability from the Fourth Circuit. His § 2241 petition challenges the same conviction and sentence which he challenged in his previous § 2255 petition. He has not obtained any certificate of appealability from the Fourth Circuit.. Petitioner here merely seeks to assert the same claims under the guise of the "savings clause," which is only applicable when new evidence has been discovered or the law has changed in such a way that affords a petitioner relief.

However, Petitioner's claim is wholly reliant upon the change in the law brought about the Supreme Court's decision in *Apprendi* in 2000, which prohibited judges from using factors which

3

were not found by a jury or to which a Defendant had pled guilty. Petitioner fails to acknowledge that the Fourth Circuit has held that *Apprendi* does not apply to cases seeking collateral review of cases which were previously decided. *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001). The Fourth Circuit has explicitly upheld this Court when it dismissed a § 2241 action which raised *Apprendi* claims under the "savings clause." *Sand-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002).

Therefore, Petitioner's sentence was lawful at the time it was handed down by this Court, and while the law regarding federal sentencing has changed numerous times since Petitioner was sentenced, this change has explicitly not been applied retroactively to give inmates sentenced prior to the *Apprendi* decision a right to collaterally attack their sentence. Accordingly, Petitioner's claim for habeas relief under § 2241 fails as a matter of law because there has been no intervening change of law as it applies to his sentence.[1]

---

[1] Because this Court finds that Petitioner's substantive claim fails as a matter of law, the Court need not and does not address Petitioner's objection to the Magistrate Judge's recommendation that his petition be dismissed because he failed to exhaust state remedies, since even if he had exhausted such remedies, his claim for habeas relief would still fail as a matter of law.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Petitioner Ronald Anthony Barmore's Petition for relief under 28 U.S.C. § 2241 is **DISMISSED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**

**July 6, 2009**